## LOWRY HOSPITAL ASSOCIATION

### v.

### BLUE CROSS–BLUE SHIELD OF TENNESSEE, and F. David Mathews, Secretary of the Department of Health, Education and Welfare.

#### Civ. No. 3–76–19.

United States District Court, E. D. Tennessee, N. D.

May 19, 1976.

* Federal Health Insurance for the Aged, popularly known as Medicare, was enacted in Title I of the Social Security Amendments of 1965 as

Harold B. Stone, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff, Lowry Hospital Association, seeks a permanent injunction prohibiting defendants from recovering certain overpayments made to plaintiff under the Medicare program * during the period January 1, 1967 through May 31, 1970. Plaintiff also seeks a judgment against defendants in the amount of $10,301.00 which represents funds which have already been recovered by defendants for the period in question.

Subchapter XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq.

Plaintiff operates a thirty-bed hospital in Sweetwater, Tennessee, and during the years 1966 through May 31, 1970 was a provider of medical services to senior citizens eligible to participate in the Medicare program. Plaintiff voluntarily terminated its participation in the program on June 1, 1970.

Defendant Blue Cross-Blue Shield of Tennessee acted as the agent or fiscal intermediary for the Secretary of Health, Education and Welfare during the pertinent period of time. The Secretary is the real party in interest in this litigation as far as defendants are concerned.

The Secretary has filed a counterclaim seeking to recoup an additional $2,895.00 in overpayments for the applicable period of time. The case has been submitted to the Court on stipulated facts and cross motions for summary judgment.

The issue that must be decided is whether the Secretary is prohibited from recouping overpayments made to plaintiff under the Medicare program during the period January 1, 1967 through May 31, 1970 on the basis of subsequent determinations that were made by defendants in 1970 and 1971. For the reasons indicated below, we conclude that the defendants are not prohibited from recouping such payments.

■ The original Act did not explicitly refer to recoupment from providers for overpayments made in connection with non-covered services. The Secretary contends, however, and we agree, that there is a common law right to recoup such overpayments.

This question was recently decided by the Court of Appeals for the Fifth Circuit in the case of *Mount Sinai Hospital of Greater Miami, Inc. v. Weinberger*, 517 F.2d 329 (5th Cir. 1975), *cert. den.* —— U.S. ——, 96 S.Ct. 1665, 48 L.Ed.2d 176, 44 U.S.L.W. 3589 (1976). In that case, the district court held that the government's traditional right to recoup overpayments had been abrogated by Congress in the "all-encompassing statutory scheme" of the Medicare Act. 376 F.Supp. 1099, 1127. The 1972 amendments to the Act, which provided a means for correcting abuses in the Medicare program, were cited by the district court as evidencing congressional recognition that the original Act did allow recoupment from providers for unnecessary services rendered. 376 F.Supp. at 1135.

In reversing the district court, the court of appeals stated:

> "We think that Congress' intent when it enacted the Medicare Act in 1965 was not to limit the common law right. Provisions not referred to by the trial court show that Congress' understanding in 1972 when it amended the law was that the common law right was intact and was expected to be utilized." (footnote omitted). 517 F.2d at 338.

■ We are convinced that the court of appeals reached the right result. Accordingly, we conclude that the Secretary is not prohibited from recouping overpayments made to plaintiffs during the years in question.

Apparently plaintiff does not seriously question the factual determination made by the Secretary that overpayments were made during the pertinent period of time. Out of an abundance of caution, however, plaintiff's counsel will be allowed three days from the date of receipt of this Memorandum in which to notify the Clerk of the Court if there are material factual matters which must be resolved concerning the Secretary's disallowance of the funds in question. Unless plaintiff's counsel so notifies the Clerk within the period specified, judgment will be entered in accordance with the conclusions reached in this Memorandum.